UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUPINDER DHILLON,<br><br>　　　　　Defendant. | No.  2:19-mc-00071 KJM AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's amended motion to enforce judgment. ECF No. 12. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(7). For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED.

I.　　Background

This miscellaneous case was commenced on April 30, 2019, with plaintiff's registry of a foreign judgment. ECF No. 1. The judgment was entered against Rupinder Dhillon, d/b/a/ Baymont Inn and Suites, in the District of Utah, Central Division, on November 29, 2018. ECF No. 1 at 2-3. Plaintiff was awarded a judgment in the amount of $8,252.00 for violations of the Fair Labor Standards Act, damages under Title VII of the Civil Rights Act and § 1981 in the amount of $12,534.00 for lost back pay and benefits, costs in the amount of $69.09 for service of process fees, pre-judgment interest in the amount of $4,660.00, post judgment interest at the rate

////

of 2.67%, and attorney's fees in the amount of $10,787.75, for a total judgment in the amount of $36,302.84.  Id.  This judgment was entered as a result of defendant's default.  Id.

An abstract of judgment was issued in this court on May 7, 2019.  ECF No. 4.  A writ of execution was issued on June 4, 2019.  ECF No. 6.  On February 28, 2020, plaintiff filed the present amended motion to enforce judgment.  ECF No. 12.[1]  Plaintiff asks the court to charge "the membership interest of Judgment Debtor Dhillon and his limited liability company known as 'HIWAY FARM, LLC,' with payment of the outstanding Judgment entered in this action on November 29, 2018 in the amount of $36,302.84 plus accruing post-judgment interest and costs."  ECF No. 12 at 2.  Plaintiff asks the court to direct Hiway Farm LLC ("the LLC"), and all of its members, to pay the outstanding debt.  Id.  Plaintiff relies on two documents for his assertion that defendant has a membership interest in the LLC: (1) a record from the California Secretary of State indicating that defendant is the LLC's registered agent, ECF No. 12 at 25, and (2) a "Staff Report and Recommendation" from the City of Ceres Planning Commission describing a building proposal for piece of property ("3106 Mitchell Road" property) as being proposed by the "Property Owner," who is identified as "Rupinder Dhillon, Hiway Farm, LLC, 28214 Leaf Drive, Tracy, CA."  Id. at 26-27.

Defendant opposes the motion, arguing that "Rupinder Dhillon does not now have nor has he ever had a membership interest in the LLC."  ECF No. 14 at 2.  Defendant has submitted a declaration attesting to the same, and stating that his son, Ajaypal Dhillon, is the sole owner, manager, and member of the LLC.  ECF No. 15 at 2.  Defendant states that he has no knowledge as to why he is listed as the property owner on the City of Ceres document, and that to his knowledge the LLC is and has always been the sole property owner of the Mitchell Road parcel.  Id.  Ajaypal Dhillon also submitted a sworn declaration, stating that he is the sole owner and member of the LLC, and that his father serves only as an unpaid registered agent for service of process, as a matter of

////

---

[1] This motion replaces the motion filed at ECF No. 11.

1  convenience. ECF No. 16 at 2. Ajaypal Dhillon submitted a copy of a Grant Deed which

2  he assets vests title of the Mitchell Road property in the LLC. Id. at 2-4.[2]

3  II.     Analysis

4  Federal courts have inherent jurisdiction to enforce their judgments. See Peacock v.

5  Thomas, 516 U.S. 349, 356 (1996). Federal Rule of Procedure 69(a)(1) states that "proceedings

6  supplementary to and in aid of judgment or execution—must accord with the procedure of the

7  state where the court is located" unless a federal statute applies. Paul Revere Ins. Grp. v. United

8  States, 500 F.3d 957, 960 (9th Cir. 2007). "A motion to enforce . . . judgment may be granted

9  when the prevailing party demonstrates its opponent has not complied with the judgment's terms.

10 The court may grant the moving party only that relief to which it is entitled under the original

11 judgment." State of California v. United States Dep't of Labor, 155 F. Supp. 3d 1089, 1096 (E.D.

12 Cal. 2016) (Mueller, J.) (internal citations omitted).

13 Here, plaintiff seeks to enforce the judgment against a business entity (or defendant's

14 alleged interest in a business entity) that was not party to the underlying action. Plaintiff relies on

15 a provision of the California Corporations Code, which states that "[o]n application by a

16 judgment creditor of a member or transferee, a court may enter a charging order against the

17 transferable interest of the judgment debtor for the unsatisfied amount of the judgment. A

18 charging order constitutes a lien on a judgment debtor's transferable interest and requires the

19 limited liability company to pay over to the person to which the charging order was issued any

20 distribution that would otherwise be paid to the judgment debtor." Cal. Corp. Code § 17705.03

21 (West). This provision "provides [for] a charging order levying distributions from the LLC to the

---

[2] This court may take judicial notice of any "fact" that is "not subject to reasonable dispute." Fed. R. Evid. 201. Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known," or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Civ. P. 201(1), (2); United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003). The court takes judicial notice of the public records submitted herein, including: (1) the Grant Deed filed at ECF No. 16 at 4-5; (2) the document from the Secretary of State of California showing defendant as the registered agent of HIWAY FARM LLC filed at ECF No. 12 at 25; and (3) the Staff Report and Recommendation from the City of Ceres City Council filed at ECF No. 12 at 26-27. As to the third document, the court judicially notices only the fact that the report and its contents were submitted by City of Ceres Staff to the City Council.

3

debtor member;" it does not reach the LLC's assets. Curci Investments, LLC v. Baldwin, 14 Cal. App. 5th 214, 223 (Ct. App. 2017).[3]

Plaintiff's motion to enforce the judgment against the defendant debtor's interest in the Hiway Farm LLC necessarily fails, because plaintiff has not established that defendant has any such interest. Plaintiff relies first on defendant's status as registered agent for service of the LLC, but this status does not require and is not probative of membership in the LLC. The only requirement for an individual to act as a registered agent of an LLC is that he or she live in California. Cal. Corp. Code § 17701.13 (West). Plaintiff also relies on the staff report to the Ceres Planning Commission, which refers to defendant and to the LLC as owner of the Mitchell Road Property. This report is not reliable evidence of ownership; the ownership information it contains amounts to no more than a hearsay statement by a City staffer, the basis for which is unknown.

Defendant has refuted plaintiff's showing. The Grant Deed for the Mitchell Road property documents its exclusive ownership by the LLC and not by defendant Dhillon. Defendant has also presented sworn statements from persons with personal knowledge of the LLC's ownership, attesting that defendant is not a member of the LLC. The court notes that these declarations are corroborated in pertinent part by the very Secretary of State LLC information provided by plaintiff, which lists Ajaypal Dhillon as the sole manager or member of the LLC. ECF No. 12 at 25. This showing undermines the asserted factual basis for plaintiff's motion.

Plaintiff argues that if the "Judgment Debtor claims he is not a member of the LLC or Property's owner, and receives no transferrable interest from the LLC, he fails to provide essential and dispositive documents to support his assertion." ECF No. 17 at 2. Plaintiff misplaces the burden here. It is up to him, as the moving party, to establish his entitlement to the

////

---

[3] In contrast, "[r]everse veil piercing is a means of reaching the LLC's assets, not the debtor's transferable interest in the LLC." Curci Investments, 14 Cal. App. 5th at 223. The statute does not preclude reverse veil piercing. Id. Plaintiff's motion is unclear as to whether it seeks reverse veil piercing, but as plaintiff has not established that defendant has any interest in the LLC, the court does not need to reach this issue.

relief that he seeks.  He has not done so.[4]  He provides no authority for the proposition that he may use a motion to enforce judgment to shift the burden to defendant to disprove the existence of an interest.  The bottom line here is that the record before the court does not establish that defendant has an interest in Hiway Farm, LLC against which the judgment can be enforced.

### III.   Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion to enforce judgment (ECF No. 12) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] The court notes that plaintiff has not availed himself of the tools of discovery that are available to him in this matter under Fed. R. Civ. P. 69(a)(2).